THE COURT: Well, the Court finds that mother, of course, has voluntarily consented to the termination of her parental rights with respect to the child, Justine. The Court finds the State has established by clear and convincing evidence that the child has been abandoned by the putative father, and that he has failed to maintain a reasonable degree of interest, concern, or responsibility as to this child's welfare. This child has been found, in a prior proceeding to have been neglected and father has failed to achieve any degree of personal rehabilitation such as would encourage the belief that within a reasonable time considering the age and needs of this girl that he could assume a responsible position in her life. And furthermore, the child, Justine, has been denied by reason of act or acts of commission or omission by the father the care — putative father I should say, the care, guidance, or control necessary for this child's physical, educational, moral, or emotional wellbeing. And I believe, although at the time these conditions, had lasted for less than one year, that at present the above mentioned circumstances have existed for not less than one year, and the Court so finds by clear and convincing evidence. Further, that there is no ongoing parent/child relationship between the putative father and this child, Justine. The statutory grounds for termination having been CT Page 3869 established by clear and convincing evidence, the Court finds also, by clear and convincing evidence, that the Department of Children and Youth Services stood ready to provide appropriate and timely services to facilitate the reunion of father with child but that the father was unable or unwilling to avail himself of such services. That there were no applicable court orders in which — to which the father had entered, that the child can have no feelings or ties for the putative father, as she has never seen him or had any contact with him, but that she does have positive emotional feelings and ties towards her present foster family. That the child's age is approximately one year old, her date of birth being November 3, 1989. That the putative father, aside from an inquiry made in February 1990, has had no contact what so ever with the child, and has made no effort to adjust his circumstances, conduct, or conditions to make it in the best interest of the child, Justine, that she be placed with the putative father. And that there's no evidence that the putative father has been prevented from maintaining a meaningful relationship with this child by the unreasonable act or conduct of anyone, the other parent or any agency, or any other person or by the economic circumstances of putative father. Finally, the Court finds that the State has established by clear and convincing evidence that it is in the best interest of the child, Justine, that the parental rights of the father, again the putative father, Peter Tribble (phonetic) in and to the child, Justine, be terminated, and those parental rights of the father, putative father Peter Tribble, in and to Justine are hereby terminated. The Department of — the Commissioner of the Department of Children and Youth Services is appointed statutory parent for the purpose of arranging adoption of this child and the Commissioner is directed to file within the statutory period the required report, that's within six months —
MR. BAKULSKI: 90 days —
THE COURT: I'm sorry?
MR. BAKULSKI: 90 days.
THE COURT: 90 days, excuse me, and then there after each year until the child has been adopted.
John T. Downey, Judge CT Page 3870